# THE SUPREME COURT

#### OF THE

## STATE OF NEVADA.

## OCTOBER TERM, 1874.

[No. 683.]

### LONKEY AND SMITH, RESPONDENTS, *v.* SUCCOR MILL AND MINING COMPANY, APPELLANT.

AGENCY—PRINCIPAL NOT BOUND BY THE UNAUTHORIZED ACTS OF AN AGENT.— A principal is only bound by the acts of an agent when acting within the scope of his authority.

CONTRACTS OF CORPORATIONS—SUPERINTENDENTS HAVE NO POWER TO CHANGE THE WRITTEN CONTRACTS MADE BY THE CORPORATION.—A superintendent of a mining corporation has no authority, by virtue of his position, without the consent or knowledge of the corporation, to change the terms of a written contract made by the board of trustees.

APPEAL from the District Court of the First Judicial District, Storey County.

*Mesick & Wood,* for Appellant.

*Will Campbell,* for Respondents, cites Story on Agency, Sec. 53.

By the Court, HAWLEY, J.:

Appellant, in April, 1872, "by its president and secretary duly authorized thereto, and its corporate seal * * * affixed," executed a written contract with one Daniel Grant to sink a new shaft upon its mine. It was therein stipulated that Grant should "*at his own cost* furnish the necessary timbers to timber the shaft and dividings."

This action was brought by respondents to recover the value of lumber sold and delivered by them to said Grant, and used in sinking said shaft. Their right of recovery rests upon a verbal promise claimed to have been made in July, 1872, by S. B. Segur, the superintendent of appellant, to the effect that they should charge the amount then due from Grant, to wit, two hundred and sixty-eight dollars and thirty-nine cents; and, "also, all other bills of lumber which Mr. Grant might order for the new shaft; and that the defendant (appellant) would pay not only the old account but all other amounts" which respondents might furnish Grant to be used in the company's new shaft.

Respondents at the time of this promise were aware that a written contract, for the sinking of said shaft, existed between appellant and Grant. Appellant had no knowledge that such a promise had been made; and no authority was ever given by it to said superintendent to make any such promise.

The district court properly refused to allow the two hundred and sixty-eight dollars and thirty-nine cents, but gave judgment against appellant for the balance.

Did the superintendent have the power, by virtue of his position, to change the terms of the written contract made by appellant?

If there was any testimony showing, as argued in respondents' brief, that Grant had surrendered his contract, and that appellant, with full knowledge of that fact, had directed the superintendent to proceed on its account to sink the new shaft, then for all subsequent supplies appellant would unquestionably be liable, for it is well settled that,

whenever a corporation is acting within the scope of the legitimate purposes of its institution, all parol contracts made by its authorized agents are express promises of the corporation; and all duties imposed on them by law, and all benefits conferred at their request, raise implied promises, for the enforcement of which an action will lie. (Story on Agency, Sec. 53.)   But no such testimony is to be found in the statement which purports to contain all the evidence given at the trial.

Respondents had sufficient knowledge of the existence of the written contract to put them upon inquiry in regard to its provisions; and applying the facts of this case to the principles of law enunciated in *The Yellow Jacket S. M. Co.* v. *Stevenson* (5 Nev. 224), and *Hillyer* v. *The Overman Silver Mining Company* (6 Nev. 51), it seems to us quite clear that the promise of the superintendent having been made without authority was void.

The judgment of the district court is reversed and cause remanded for a new trial.